[J-19A&B-2019][M.O. - Mundy, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| JOAN P. GROVE, | : | Nos. 31 & 32 WAP 2018 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court entered 1/12/18 |
| v. | : | at Nos. 132 CD 2017 & 195 CD 2017, |
| | : | reversing the order of the Allegheny |
| | : | County Court of Common Pleas entered |
| PORT AUTHORITY OF ALLEGHENY | : | 1/31/17 at No. GD 14-016095 |
| COUNTY, | : | |
| | : | |
| Appellee | : | ARGUED: April 9, 2018 |

## DISSENTING OPINION

**CHIEF JUSTICE SAYLOR**          **DECIDED: OCTOBER 31, 2019**

Had the trial court instructed the jury concerning the substantive law governing the conduct of pedestrians, and were this case merely about the failure of the trial court to discuss negligence *per se* with the jurors, I might agree with the outcome directed by the majority. But the fact of the matter is that the trial court's refusal to tell the jury the legislatively prescribed rules by which Appellant's conduct should be measured -- despite Appellee's repeated protestations and the jury's explicit inquiry -- plainly deprived the jurors of essential direction material to their assessment of the extent of Appellant's negligence. *Accord Grove v. Port Auth. of Allegheny Cty.*, 178 A.3d 239, 246-28 (Pa. Cmwlth. 2018) ("[T]he negligence *per se* instruction, *coupled with the duties of care for pedestrians* set forth in the Vehicle Code were relevant to the jury's

apportionment of comparative negligence here." (emphasis added)).[1]  The error of omission was, of course, exacerbated by the trial court's affirmative admonishment to the jurors that Appellant's statutory duties were "not an issue in this case."  N.T., Sept. 27, 2016, at 326.

In its harmless error analysis, the majority distinguishes between whether a preserved trial error "could" or "would" have affected a verdict, opining that a new trial is justified only in the latter scenario.  *See* Majority Opinion, *slip op.* at 16, 19.  However, whether an error *would* have affected a particular verdict is most often unknowable, and accordingly, appellate courts are generally relegated to considering probabilities.[2]

"[A]n inquiry into what makes an error harmless, though one of philosophical tenor, is also an intensely practical inquiry into the health and sanitation of the law." Elizabeth Price Foley & Robert M. Filiatrault, *The Riddle of Harmless Error in Michigan*, 46 WAYNE L. REV. 423, 424 (2000) (quoting ROGER J. TRAYNOR, THE RIDDLE OF HARMLESS ERROR at ix (1970)).  "Harmless error rules are, essentially, proxies for the

---

[1] As the majority relates, the negligence *per se* charge proposed by Appellee incorporated a developed treatment of the specific statutes governing street crossings by pedestrians.  *See* Majority Opinion, *slip op.* at 4 n.3.  Not only are the duties particularized by the statutes, there are multiple duties of which the jurors should have been apprised.  It seems to me to be likely that a jury which would find that a litigant disregarded multiple duties might be more inclined to attribute a higher degree of fault to that litigant.  In any event, I believe that the nature of the duty (a generalized common law duty of due care versus specific statutory obligations) can be quite relevant to a jury's determination of the degree of negligence.

[2] Indeed, the standard for post-conviction relief from a judgment of sentence in criminal cases based on *unpreserved* trial errors would appear to be less stringent than the would-have-affected requirement enforced by the majority here for preserved trial error in civil cases.  In this regard, in terms of prejudice, a post-conviction petitioner need only demonstrate "*a reasonable probability*" of a different outcome.  *See Commonwealth v. Pierce*, 515 Pa. 153, 157, 527 A.2d 973, 974 (1987) (quoting *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct.  2052, 2068 (1984) (emphasis added)).

level of assurance that an appellate court must have before it is permitted to set aside the judgment below." *Id.* at 425.

To the degree that refinements to the Pennsylvania standard are implicated, I take no issue with the assignment of the burden to establish prejudice to the appellant. I would clarify, however, that such burden shouldn't be an onerous one. Where appellate courts cannot express confidence that an outcome would have been the same in the absence of a preserved trial error, the courts ought to be more receptive to the position that errors are prejudicial. *Accord Shinseki v. Sanders*, 556 U.S. 396, 410, 129 S. Ct. 1696, 1706 (2009) ("Often the circumstances of the case will make clear to the appellate judge that the ruling, if erroneous, was harmful and nothing further need be said. But, if not, then the party seeking reversal normally must explain why the erroneous ruling caused harm."); *cf. Warren v. Pataki*, 823 F.3d 125, 138 (2d Cir. 2016) ("An error is harmless if we can conclude with fair assurance that the evidence did not substantially influence the jury. In civil cases, the burden falls on the appellant to show that the error was not harmless and that it is likely that in some material respect the factfinder's judgment was swayed by the error.").[3]

---

[3] Complicating the harmless error inquiry, in some cases, such as the present one, the assessment of whether a trial error is ultimately harmless may be steeped in credibility matters, which are generally outside the province of appellate courts which did not hear and see the witnesses. The fact that an appellant cannot secure a resolution of the credibility matters on appellate review, and thereby solidify a prejudice determination, should not serve to entrench verdicts infected by trial court error. *Cf. Commonwealth v. Young*, 561 Pa. 34, 87 & n.16, 748 A.2d 166, 194 & n.16 (2000) (Opinion on Reargument) (refusing to even consider harmless error in terms of whether a criminal verdict might be supported by overwhelming evidence when the appellant had placed material credibility matters in issue at trial, because credibility matters "are not within the province of an appellate court"). Rather, in these scenarios, the appellate courts' confidence in the verdict should be diminished and the appellant's burden thereby advanced.

By failing to instruct the jurors about highly material statutory provisions specifically defining multiple duties owed by Appellant, I conclude that the trial court committed error. Additionally, it seems more likely than not to me that such error had an impact on the jurors' assessment of the degree of Appellant's negligence. *See supra* note 1. While the majority's elevated threshold for disproving harmless error in civil cases may be of practical benefit to the court system in terms of curtailing the number of retrials, to my mind, it unduly impedes fairness to those suffering errors by the trial courts, despite their time-of-trial efforts to secure the essential remediation.